UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLE A. WALDOWSKI, and
LAWRENCE WALDOWSKI,

   Plaintiffs,

                 File No.  1:07-CV-961

v.

                 HON. ROBERT HOLMES BELL

CHEVY CHASE BANK, F.S.B.,

   Defendant.
                 /

## MEMORANDUM OPINION AND ORDER

   This matter is before the Court on Plaintiffs Carol A. Waldowski and Lawrence Waldowski's motion for a preliminary injunction against Defendant Chevy Chase Bank F.S.B. (Docket # 2.) On September 26, 2007, Plaintiffs sought a temporary restraining order ("TRO") against the foreclosure sale of their house and property at 8287 Rushton Road, Ellsworth, Michigan.  The foreclosure sale was scheduled for September 28, 2007.[1] On September 27, 2007, the Court denied the TRO and set this matter for a preliminary injunction hearing.  (Docket # 6.)  Both parties subsequently filed briefs addressing the merits of a preliminary injunction.  On October 12, 2007, the Court held a hearing on Plaintiffs' motion for a preliminary injunction.

---

[1] The briefing by the parties did not indicate whether the foreclosure sale that was scheduled for September 28, 2007, occurred.  At the October 12 hearing, Defendant's counsel stated that the foreclosure sale had not been held, pending the Court's ruling on Plaintiffs' motion for a preliminary injunction.

> When ruling on a motion for a preliminary injunction, a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross and Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). Because these four factors are balanced, the movant is not required to satisfy all four factors. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.*

As the Court explained on the record during the October 12, 2007, hearing, upon balancing the four factors, Plaintiffs are not entitled to a preliminary injunction. As to the first factor, based on the totality of the circumstances the Court cannot say that Plaintiffs have a strong likelihood of success on the merits. In making this determination the Court has considered: the standards applicable to mortgage loans under the Truth in Lending Act, the Truth in Lending Disclosure Statement Plaintiffs received, the other disclosure statements Plaintiffs received, the decision of the district court in *Andrews v. Chevy Chase Bank, FSB*, 240 F.R.D. 612 (E.D. Wis. Jan. 16, 2007) (certifying a class action and granting summary judgment), and the decision of the district court in *Andrews v. Chevy Chase Bank, FSB*, 474 F. Supp. 2d 1006 (E.D. Wis. 2007) (staying the action while an appeal of the class certification decision is pending). As to the second factor, the Court finds that Plaintiffs will

not suffer irreparable injury without the injunction. Plaintiffs' property is over three acres so Plaintiffs will have twelve months from the date of the foreclosure sale to redeem the mortgage.[2] Additionally, Plaintiffs may continue to live in the house during that twelve months. The Court indicated at the hearing that this matter will be tried as soon as possible and both parties agreed at the October 12 hearing that this case could be ready for trial in March of 2008. Therefore the Court will have an opportunity to try this case before the period of redemption has expired. As to the third factor, the Court finds that issuance of a preliminary injunction would harm Defendant's interest in the property. As to the fourth factor, the Court finds that no interest of the public would be served by the issuance of a preliminary injunction. Thus, on balancing these factors, the Court cannot say that Plaintiffs have shown that the circumstances clearly demand the extraordinary remedy of a preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for a temporary restraining order (Docket # 2), which the Court has converted to a motion for a preliminary injunction, is **DENIED**.

Date:  October 12, 2007          /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Defendant agreed that this is the applicable period of redemption in both its brief and at the October 12 hearing.